## Case No. 9,502.

### The METROPOLIS.

[8 Ben. 19.][1]

District Court, S. D. New York. Feb., 1875.

MARITIME LIEN—SUPPLIES—CHARTERED VESSEL—CREDIT.

The steamboat Metropolis, belonging to the N. S. S. Co., a Rhode Island corporation, was chartered to the N. J. S. R. R. Co., a New Jersey corporation, the latter to victual and man her and pay all her bills. Supplies were furnished to her in New York by P. & V. W., who claimed a lien upon her therefor. It appeared, that the supplies were furnished on printed requisitions bearing the name of the N. J. S. R. R. Co., and signed by G., as the agent thereof; that G. was also the purchasing agent of the N. S. S. Co.; that supplies for steamboats belonging to and run by that company were also furnished by P. & V. W., on requisitions made out in the name of the N. S. S. Co., and signed by G., as agent thereof; that all bills for such supplies were promptly paid; that the N. S. S. Co. was in good credit; that the bills for the supplies in question were made out to the steamboat Metropolis and owners; and that P. & V. W. went to one place to obtain pay for bills of supplies obtained for the N. S. S. Co., and to another for those obtained for the N. J. S. R. R. Co., and some times took the notes of the respective companies for the respective bills. *Held*, that, on these facts, the supplies in question were not furnished on the credit of the steamboat Metropolis, and the libellants had no lien on her therefor.

[Cited in The Mary Morgan, 28 Fed. 200; The Aeronaut, 36 Fed. 499.]

In admiralty.

Salter & Cowing and E. H. Owen, for libellants.

William Allen Butler and T. B. Stillman, for claimant.

BLATCHFORD, District Judge. The libel in this case alleges that the engineer and master of the steamboat Metropolis obtained from the libellants certain articles of engineer supplies and ship chandlery for the use of said steamboat; that the same were for the use of and were delivered on board of said steamboat, in the port of New York, in June, July, August, September and October, 1873; that said articles were delivered on the credit of the vessel's bottom; that at the said times the said steamboat was a foreign vessel, and was owned by the Narragansett Steamship Company, a Rhode Island corporation; and that said articles were necessary and proper for the use of said steamboat. The libel prays for process against the vessel and that she may be condemned.

The Narragansett Steamship Company appears as claimant of the steamboat, and its answer avers that at and before the times mentioned in the libel, it being a Rhode Island corporation, was the owner of the said steamboat, and had chartered her to the New Jersey Southern Railroad Company, a New Jersey corporation; that, by the terms of said

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

charter, the latter company was to victual the vessel, furnish supplies, keep her in good order, and pay all her bills while navigating under said charter; that, in pursuance of said charter, the latter company took possession of the vessel and navigated her under said charter during all the time mentioned in said charter; that the latter company was also the charterer of other steamboats upon the same terms and conditions; that such facts were known to the libellants; that work and labor were performed, and materials were furnished, by the libellants upon and to all of said vessels, and were done, performed and furnished upon the credit of the latter company, and not upon the credit of the Metropolis, and in law constituted no lien upon said vessel; that the labor done and the materials furnished , to the Metropolis were not done, performed or furnished upon the credit of said steamboat, and did not constitute any lien upon her; that the claimant, as owner, is not liable for said claim; and that, therefore, it cannot constitute any lien upon the vessel.

The case was tried entirely upon testimony brought out in the presentation of the case on the part of the libellants, the claimant not having called any witnesses. The libellants were furnishers of engineers' stores and ship chandlery, keeping a store in the city of New York, and the articles in question were furnished from such store and were supplied to and were used on board of the Metropolis. They were all of them ordered by requisitions, each of which was partly in writing and partly in print, being a printed blank filled up. The blank as printed, read thus:

"Be careful to obtain receipts for stores delivered. New Jersey Southern Railroad, Purchasing Agent's Office, Pier 28, North River.
No. New York, 1873.
M Please supply
with the following specified articles, viz.:
"Purchasing Agent.
"Note. Please render bills promptly and write therein the number and date of each requisition."

Each requisition had its number, and its date by month and day, and the names of the libellants, and the name of the steamboat Metropolis, and the description of the articles to be supplied, filled into the proper blanks; and each was signed "A. Gould" before the printed words "Purchasing Agent." The Narragansett Steamship Company was, at the same time, obtaining supplies from the libellants for steamboats owned by it, which it was running itself, and which were not run by the New Jersey Southern Railroad Company under charter; and the libellants, at the same time, were furnishing supplies to boats other than the Metropolis, which were run by the latter company. A. Gould, the same person who was purchasing agent for the one company, was purchasing agent for the other company. The two companies had a common office in the city of New York,

where Gould transacted such business of each company as related to supplies for the boats run by the respective companies. The libellants furnished supplies to the boats run by the Narragansett Steamship Company on printed blank requisitions filled up, which were in printed form, like the printed forms of the requisitions for the supplies furnished to the Metropolis, except that they were headed in print "Narragansett Steamship Company." They were signed "A. Gould, Purchasing Agent." The libellants delivered their bills to Gould, at his said office, for the supplies furnished to the several boats run by the two companies respectively. The bills for the supplies in question were made out to "Steamer Metropolis and owners." When the bills were rendered to Gould, he sorted them out, and, in accordance with his directions, the libellants went to one place to get pay for the articles supplied to the boats run by the Narragansett Steamship Company and to another place to get pay for the articles supplied by the New Jersey Southern Railroad Company. In the course of such business the libellants took, for some of their bills for the former articles, promissory notes made by the former company, and for some of their bills for the latter articles promissory notes made by the latter company. All notes ever given to the libellants by the former company were paid, and all supplies ever furnished by the libellants to boats run by the former company have been paid for.

On the foregoing facts, this case presents a very different aspect from one where supplies are furnished to a vessel in a foreign port, on the order of her master. The libellants could have no claim against the Narragansett Steamship Company for the supplies furnished by them to the Metropolis, furnished under the circumstances and on the requisitions shown in evidence. It was clearly understood by the libellants that they were not supplying the Metropolis on requisitions made by or for the Narragansett Steamship Company. In receiving the requisitions for the supplies to the Metropolis, and in furnishing such supplies, the libellants recognized Gould as acting solely as purchasing agent for the New Jersey Southern Railroad Company, and in its behalf. They knew the distinction between the two companies, and they knew, from the requisitions made in the names of the two companies respectively, that the supplies to the Metropolis were not furnished by them on requisitions made by Gould as purchasing agent for the Narragansett Steamship Company, while supplies to other boats were furnished by them on requisitions made by Gould as purchasing agent for that company. On all the facts it must be held, that the supplies were not furnished to the Metropolis on her credit, or on the credit of herself and of the Narragansett Steamship Company, as her owners. It clearly appears that the Narragansett Steamship Company had credit, upon which supplies, if

to be obtained by or for them, for the Metropolis, could have been obtained, and that the libellants knew that. Within the principles laid down in the case of The Grapeshot, 9 Wall. [76 U. S.] 129; The Lulu, 10 Wall. [77 U. S.] 192; The Kalorama, Id. 204; and The Patapsco, 13 Wall. [80 U. S.] 329,—no lien was created on the vessel in favor of the libellants, and the libel must be dismissed, with costs.